LILJEBERG, J.,
dissents with reasons.
I have considered the opinion of the majority, and I cannot agree with the conclusion that the Encompass policy provides UM coverage in the amount of $500,000 for the accident in this case.
The Encompass policy provides liability and UM coverage for the vehicle driven by Mr. Elliot, and Mr. Elliot meets the definition of a “covered person” under the policy. However, the Encompass policy contains an exclusion from liability coverage for:
Any covered person while employed or otherwise engaged in the business or occupation of: a) selling; b) repairing; c) servicing; d) storing; or e) parking motor vehicles- designed for use mainly on public - highways. This exclusion only applies to the extent that the limits of liability for this coverage exceed the limits required by the Louisiana Motor Vehicle Safety Responsibility Law.
Thus, the' Encompass policy does not provide liability coverage for a person engaged in the business of servicing the covered vehicle, such as Mr. Elliot, except to the extent that La. R.S. 32:900 requires it to provide coverage at a minimum of $15,000 for all vehicles being operated with the permission of the owner.
Pursuant to La. R.S. 22:1295(1)(a)(i), in the absence of -a- selection of lower UM limits or a rejection of UM coverage, the applicable LTM limits are equal 'to “the limits of bodily injury liability provided by the policy.” Encompass contends that the limits of bodily injury liability coverage provided to Mr. Elliot for this accident is $15,000 and, thus, $15,000 is also the limit for UM coverage. Travelers responds that the limit of bodily injury liability coverage is $500,000 and thus, $500,000 is also the limit for UM coverage.
It is well-settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 196. However, Encompass does not dispute that it provides UM coverage to Mr. Elliot for this'accident. Rather, it contests the limit of UM coverage, claiming that it is $15,000, not $500,000.
The responsibility of the judiciary in interpreting insurance contracts is to determine the common intent of the parties. Sims v. Mulhearn Funeral Home, Ine,, 07-54 (La.5/22/07), 956 So.2d 583, 589. An insurance contract is to be construed as a whole and each provision in the contract must be interpreted in light of the other provisions. Id.
In the present case, Encompass clearly intended to exclude persons in the business of servicing cars from coverage under the policy, but Encompass acknowledged that it was required to provide $15,000 of liability coverage under La. R.S. 32:900. In my view, the clear language of the policy reflects that the parties contemplated only providing coverage under the policy for persons such as Mr. Elliot to the extent required by law. I do not believe that the language of the policy reflects that there was any intent to provide such persons with $500,000 in UM coverage.
Although the majority cites Green v. Johnson, 14-292 (La.10/15/14), 149 So.3d 766 in support of its findings, I find that the policy language in Green presents a different situation and that the holding of Green is not .instructive in the present case. In Green, the UM section of the *840 policy specifically contained a different and broader definition of “insured autos” than the definition of “insured autos” in the liability section. The Louisiana Supreme Court found that the parties clearly intended greater UM coverage under the policy than liability coverage by providing differing definitions of “insured autos.” Green, 149 So.3d at 776. In the present case, the language of the policy does not reflect that the parties intended greater UM coverage than liability coverage for individuals in the business of’ servicing vehicles.
As previously stated; under La. R.S. 22:1295(l)(a)(i), in the absence of a selection of lower limits', the applicable UM limits are equal to “the limits of bodily injury liability provided by the policy.” Although the liability limits set forth in the Encompass policy ■ for some insureds is $500,000, it is only $15,000 for Mr. Elliot. Because Mr. Elliot is clearly excluded from liability coverage except up to the minimum state limit, I believe that the same limitations should apply for UM coverage.
Based'on the facts of this case, the applicable law, and the clear intent of the parties, as shown by the language of the policy, I would reverse the trial court’s ruling and find that the Encompass policy provides only $15,000 of UM coverage .in this case. Accordingly, I respectfully dissent. •